### A. D. LAWSON v. THE STATE.

No. 3813. Decided November 10, 1915.

**1.—Keeping Disorderly House—Statement of Facts.**

Where the statement of facts was filed too late in the County Court, the same can not be considered on appeal.

**2.—Same—Indictment—Name of Defendant—Location of House.**

Where the indictment clearly alleged the name of the defendant in the proper place, and that the offense was committed in the county of the prosecution, the contention that defendant's name was not properly alleged, nor the location of the particular house, is not well taken.

Appeal from the County Court of Childress. Tried below before the Hon. Frank W. Freeman.

Appeal from a conviction of keeping a disorderly house; penalty, a fine of $200 and twenty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.—On question of sufficiency of the evidence:   Wilson v. State, 136 S. W. Rep., 447.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted for knowingly permitting his house to be used for purposes of prostitution and assessed the punishment prescribed by the statute.

There is in the record what purports to be a statement of facts, but it was filed much more than twenty days after the adjournment of court.   The Assistant Attorney General's motion to strike it out on that ground is, therefore, sustained.

The only question which we can review in the absence of a statement of facts is his motion to quash the indictment.   His first ground to quash is that appellant's name does not appear in the indictment where it should, claiming that it should immediately follow these words in the indictment: "upon their oaths in said court present that . . ." There is nothing in this, for the indictment as a whole clearly alleges that the appellant, A. D. Lawson, with suitable allegations, in conformity with the statute, did commit the acts which would show that he is guilty of the offense.   His second ground is that the indictment does not allege particularly where the house was located in the county where the offense was alleged to have been committed.   This was unnecessary.   It alleged that the house was situated in said Childress County, which was all that was necessary.

The judgment is affirmed.

*Affirmed.*