Travis Lee WARD, Appellant,

v.

The STATE of Texas, Appellee.

Roy Bartee HAILE, Jr., Appellant,

v.

The STATE of Texas, Appellee.

Nos. 62024, 62025.

Court of Criminal Appeals of Texas,
Panel No. 2.

Nov. 10, 1982.

Rehearing Denied Jan. 5, 1983.

Murray Lieberman, Houston, for appellants.

Carol S. Vance, Dist. Atty., Calvin A. Hartmann and Carl Haggard, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., and Alfred Walker, Asst. State's Atty., Austin, for the State.

Before ONION, P.J., and ROBERTS and McCORMICK, JJ.

OPINION

McCORMICK, Judge.

Appellants were tried jointly and convicted of false imprisonment. Punishment in Cause No. 62,024 was assessed at sixty days' confinement and a $350 fine. Punishment in Cause No. 62,025 was assessed at ninety

days' confinement and a $500 fine. The sufficiency of the evidence is not challenged.

■ Appellants contend that the informations are fundamentally defective for failing to allege that the restraint was "without consent." The instant informations alleged that appellants

"... did then and there unlawfully, intentionally and knowingly restrain Kenneth Rubin Quintana, hereafter styled the Complainant, by threats."

V.T.C.A., Penal Code, Section 20.02(a) defines the offense of false imprisonment as:

"(a) A person commits an offense if he intentionally or knowingly restrains another person."

V.T.C.A., Penal Code, Section 20.01(1), defines "restrain" as follows:

"(1) 'Restrain' means to restrict a person's movements *without consent,* so as to interfere substantially with his liberty, by moving him from one place to another or by confining him. Restraint is 'without consent' if it is accomplished by:

"(A) force, intimidation, or deception; or

"(B) any means, including acquiescence of the victim, if he is a child less than 14 years of age or an incompetent person and the parent, guardian, or person or institution acting in loco parentis has not acquiesced in the movement or confinement." (Emphasis added)

We note that "intimidate" is defined in Webster's New Collegiate Dictionary (150th Anniversary Edition, 1981), as:

"[T]o make timid or fearful: FRIGHTEN: esp. *to compel or deter by or as if by threats.*" (Emphasis added)

Thus, "without consent" is included in the definition of the term "restrain"; it would be merely surplusage to require the State to plead it in the information.

■ In addition, where an indictment or information tracks the statute, as here, it is ordinarily sufficient to allege an offense. *Yuncevich v. State,* 626 S.W.2d 784 (Tex.Cr.

App.1982); *Few v. State,* 588 S.W.2d 578 (Tex.Cr.App.1979). We hold that the challenged informations sufficiently alleged the offense of false imprisonment. Appellants' first ground of error is overruled.

In the second ground of error, appellants maintain the trial court erred in overruling their motions to quash. Appellants' motions to quash alleged the informations were vague and insufficient because they failed to state with particularity the location where said offense occurred and because they did not state the circumstances which gave rise to the allegation of restraint and/or confinement.

■ The seldom challenged and almost universal practice in preparing indictments and informations is to describe the place where the criminal offense was committed by merely alleging that it was committed in a certain county. This Court in *Hodge v. State,* 527 S.W.2d 289 (Tex.Cr.App.1975), held that it is only necessary to allege the name of the county as the place where an offense was committed, (1) if the offense may be committed anywhere within the county, (2) the place where the offense is committed is not an element of the offense, and (3) the court in which the offense is tried has countywide jurisdiction. See also *Ex parte Hunter,* 604 S.W.2d 188 (Tex.Cr.App.1980). This rule has been applied where the defendant has filed a motion to quash asking for a more specific location than the county. *Spradlin v. State,* 368 S.W.2d 210 (Tex.Cr.App.1963) (driving while intoxicated); *Howard v. State,* 480 S.W.2d 191 (Tex.Cr.App.1972) (burglary with intent to commit theft); *Allen v. State,* 149 Tex.Cr.R. 612, 197 S.W.2d 1013 (1946) (driving while intoxicated); *Lawson v. State,* 78 Tex.Cr.R. 74, 179 S.W. 1186 (1915) (knowingly permitting his house to be used for purposes of prostitution). Since a specific location is not an element of the offense of false imprisonment, since the offense may be committed anywhere within the county, and since this offense was tried in a county criminal court at law with countywide jurisdiction, we hold that the trial

court did not err in refusing to grant appellants' motions to quash regarding the specific location where the offense occurred.

■ Appellants, in their motions to quash, also alleged the informations were vague and insufficient because they failed to state with particularity "the circumstances which gave rise to the allegation of restraint and/or confinement." It is further alleged that because of this lack of particularity and specificity, appellants were unable adequately to prepare a defense to the alleged offense. This Court has recently considered a similar argument in *Johnson v. State*, 623 S.W.2d 654 (Tex.Cr. App.1981), an aggravated rape case.

"A contention similar to that now presented was before this Court in *Brem v. State*, supra [571 S.W.2d 314 (Tex.Cr. App.1978)]. There the defendant urged that the court erred in overruling his motion to quash an aggravated rape indictment. He argued that the indictment should have been quashed because it failed to allege the manner and means of force and threats used and it failed to allege the circumstances which made the act of sexual intercourse non-consensual. No error was found in the court overruling the defendant's motion to quash and this Court stated:

" 'Contrary to appellant's assertion, an indictment for aggravated rape need not set out or describe the specific actions or deeds of the defendant which communicated the threat of serious bodily injury to the prosecutrix. See *Watson v. State*, 548 S.W.2d 676 (Tex. Cr.App.1977); *Childs v. State*, 547 S.W.2d 613 (Tex.Cr.App.1977). The indictment sufficiently alleged the act committed by appellant which "aggravated" the rape under Sec. 21.03(a)(2), and therefore was not subject to a motion to quash on this ground.

" 'Appellant's contention that the indictment should have been quashed because it failed to allege the circumstances which made the act of intercourse non-consensual is likewise without merit. The indictment alleged that appellant had sexual intercourse with the complainant "without the consent of the Complainant, by means of force and threats." It is not necessary that the indictment allege the facts and circumstances of the offense which made the act of sexual intercourse non-consensual. The allegations of "force" and "threats" were sufficient to place appellant on notice of the kind of lack of consent upon which the State would base its case. V.T.C.A. Penal Code, Sec. 21.02(b)(1), (2). See *Watson v. State*, supra; *Childs v. State*, supra; cf. *Rogers v. State*, 550 S.W.2d 78 (Tex.Cr. App.1977). This being true, no further factual allegations were necessary and the indictment was not subject to a motion to quash on this ground.' Id. at 317." 623 S.W.2d at 655, 656.

Like the courts in *Johnson v. State*, supra, and *Brem v. State*, supra, we find that the informations in the instant cases were sufficient to inform appellants of the offense with which they were charged. The informations set forth the offense in ordinary and concise language so as to enable appellants to understand the particular offense with which they were charged. Article 21.-11, V.A.C.C.P. The additional information requested by appellants in their motions to quash is evidentiary and not required for the purpose of notice. *Phillips v. State*, 597 S.W.2d 929 (Tex.Cr.App.1980). No error is shown in the court's overruling appellants' motions to quash.

■ Finally, appellants urged at oral argument for the first time that there was fundamental error in the jury charge. Although not briefed, we will review this contention in the interest of justice. Specifically, appellants contend that the charge is fundamentally defective because of an erroneous definition of restraint in the abstract portion of the charge. The pertinent portion of the charge reads as follows:

" 'Restrain' means to restrict a person's movement without consent, so as to interfere substantially with his liberty, by moving him from one place to another or by confining him. Restraint is 'without

consent' if it is accomplished by: force, intimidation.

"* * *

"THEREFORE, if you believe from the evidence beyond a reasonable doubt, that the defendants on or about the 9th day of May, A.D. 1978, in the County of Harris, and State of Texas, did then and there unlawfully intentionally and knowingly restrain Kenneth Rubin Quintana, hereafter styled the Complainant, by threats, then you will find the defendants 'Guilty' as charged."

Appellants argued that the abstract definition of "restraint" does not coincide with "force" as set forth in the informations. We note that the informations do not mention anything about "force." We also note that the abstract definition of "restrain" substantially tracks the statutory definitions of "restrain" as given in V.T.C.A., Penal Code, Section 20.01(1). We fail to see any error at all, much less any fundamental error. The jury was furnished with all the elements of the offense as alleged in the informations. There is no fundamental error. *Cumbie v. State,* 578 S.W.2d 732 (Tex. Cr.App.1979). This allegation is overruled.

Having found no reversible error, appellants' convictions are affirmed.