**Joe Samuel GIBBONS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 62553.**

Court of Criminal Appeals of Texas, Panel 1.

June 22, 1983.

Richard D. Hughes, Nederland, for appellant.

James S. McGrath, Dist. Atty. and Wesley Rivers, Asst. Dist. Atty., Beaumont, Robert Huttash, State's Atty., and Alfred Walker, Asst. State's Atty., Austin, for the State.

Before TOM DAVIS and W.C. DAVIS, JJ.

## OPINION

W.C. DAVIS, Judge.

Appellant was convicted of aggravated kidnapping. V.T.C.A. Penal Code, § 20.-04(a)(4). The jury, upon determining that appellant had not voluntarily released the complainant alive and in a safe place, see V.T.C.A. Penal Code, § 20.04(b), assessed punishment at 50 years' imprisonment.

▮ Appellant now contends the evidence adduced upon the issue of whether appellant released the complainant in a safe place was insufficient to support the jury's finding.

The complainant testified that she was released at night, on a service road in south Beaumont, in the vicinity of Cardinal Drive and Fourth Street; complainant was pushed, although "not forcibly", from the car, and alighted upon the pavement, not the shoulder of the road.

The complainant described the street as dark, and testified that the nearest light, which appeared to be a place of business, was about 200 yards away.

Detective Harry Lewis testified that he was familiar with the area where the complainant was released, having been raised

nearby. He described the immediate area as vacant fields, which he characterized as "overgrown". The spot of release was about a thousand feet from the nearest house, according to Lewis, who testified that the area of vacant fields was used by "winos" and gamblers as a meeting place. Lewis characterized the business area nearby as a high-crime area. Lewis testified that the area in which the complainant was released was unsafe for a woman alone at night.

The evidence was sufficient for the jury to find this issue against appellant.

■ Appellant next contends the court erred in overruling appellant's motion for directed verdict of acquittal, in that insufficient evidence was adduced that appellant had the intent to "violate another person sexually".

Appellant concedes that the complainant testified that, while holding her for over twenty hours, appellant had sexual intercourse with complainant, without her consent, three or four times and oral sex, also without consent, once. In *Phillips v. State,* 597 S.W.2d 929, 936–937 (1980), this Court held the proscribed conduct to be "abduction with intent to commit some physical act of bodily injury, *or a non-consensual sex act,* upon the victim". [Emphasis added] The evidence of actual non-consensual sex is ample to show intent to commit such an act. Appellant's contention that the evidence is here insufficient because there was no showing that the complainant was not appellant's spouse is without merit. Appellant confuses the crime of sexual abuse, V.T.C.A. Penal Code., § 21.04 with the phrase "violate and abuse sexually", which is not defined in the Penal Code. See *Sanders v. State,* 605 S.W.2d 612, 615 (Tex.Cr. App.1980).

The ground of error is overruled.

Appellant next contends the court erred in overruling his motion to quash the indict-

ment for its failure to delineate in which of two statutorily defined ways he was alleged to have abducted the complainant.[1]

■ Where an indictment contains a necessary allegation of an act by the accused which comprises more than one *statutorily defined* means of its performance, as here with the allegation of abduction, but the indictment fails to specify which of the statutory definitions of the act is relied upon, the indictment is subject to a motion to quash. *Coleman v. State,* 643 S.W.2d 124 (Tex.Cr.App.1982); *Gorman v. State,* 634 S.W.2d 681 (Tex.Cr.App.1982).

■ The State contends the omission was harmless, in that through subsequent discovery the State's theory upon the issue of abduction was made plain, but this court expressly rejected discovery as a cure for this type of error in *Brasfield v. State,* 600 S.W.2d 288, 298–299 (Opinion on State's motion for rehearing) (Tex.Cr.App.1980).

The judgment is reversed and remanded.

---

1. V.T.C.A. Penal Code, § 20.01(2) defines abduct as "to restrain a person with intent to prevent his liberation by:
    "(A) secreting or holding him in a place where he is not likely to be found; or

"(B) using or threatening the use of deadly force."