**Leo MARTINEZ, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–82–377–CR.**

Court of Appeals of Texas, Corpus Christi.

Dec. 15, 1983.

Richard W. Rogers, III, Corpus Christi, for appellant.

Grant Jones, Dist. Atty., Corpus Christi, for appellee.

Before BISSETT, KENNEDY and GONZALEZ, JJ.

## OPINION

BISSETT, Justice.

In a jury trial, appellant was convicted on four counts of aggravated robbery. Punishment, also determined by the jury, was assessed at ninety years imprisonment for each offense, to be served concurrently. Appellant contends on appeal (1) that proof of a prior conviction was erroneously admitted at the punishment stage of trial and (2) that he was denied a speedy trial under Article 32A.02 of the Texas Code of Criminal Procedure. We affirm the judgment of the trial court.

In his first ground of error, appellant contends that proof of a prior conviction was erroneously admitted during the punishment stage of the trial because the information which led to the previous conviction was fundamentally defective. The challenged information charged that a Pete Valdaso unlawfully committed:

"False imprisonment by then and there intentionally and knowingly and voluntarily restraining Willie Adams by moving him from one place to another, and while so restraining him recklessly exposing him to serious bodily injury by knowingly pointing a firearm in the direction of Willie Adams; and Leo Martinez, did then and there, acting with the intent to assist the commission of said offense, aid Pete Valdaso in committing said offense . . . ."

Appellant first argues that the information is defective because it "failed to allege that the restraint was without the consent of the complainant." An identical contention was overruled in the case of *Ward v. State,* 642 S.W.2d 782 (Tex.Cr.App.1983), where the Court stated that " 'without consent' is included in the definition of the term 'restraint'; it would be merely surplusage to require the State to plead it in the information." Appellant has filed a supplemental brief in which he seeks to distinguish the case before us from the *Ward* holding.

Appellant also contends that the information is fundamentally defective because it alleges that the restrained party was exposed to serious bodily injury, and thus fails to directly "track" Tex.Penal Code Ann. § 20.02(c) (Vernon 1974) by alleging that the victim was exposed to a *substantial risk* of serious bodily injury. We conclude, however, that a "substantial risk" of exposure to serious injury encompasses a far wider variety of activity than a direct exposure to serious injury. By using the more restrictive phrase, the State was pleading more specifically than it was required to do, and no error is shown. *Nelson v. State,* 573 S.W.2d 9 (Tex.Cr.App.1978). Appellant's first ground of error is overruled.

In his second ground of error, appellant contends that he was denied a speedy trial. Appellant was originally sentenced for these offenses on July 10, 1980. However, the record contains an Order of the 117th District the Court, dated April 10, 1981, in which the Judge ordered that appellant be granted a new trial.

The record contains findings of fact and conclusions of law which were filed in resolving appellant's Application for Writ of Habeas Corpus, and which were signed on December 17, 1981 by the same judge who

purportedly granted the new trial on April 20, 1981. The findings state, inter .alia, that: (1) the State conceded error in appellant's first trial and acquiesced to a new trial based upon appellant's acceptance of the State's offer regarding a plea bargain agreement; (2) a new trial was granted on July 17, 1981, and a bench warrant issued to insure appellant's presence at a hearing set by the Court for August 10, 1981; (3) appellant chose to renege, on or about August 10, 1981, on his agreement to plead guilty; and, (4) appellant was returned, pursuant to a bench warrant, to Nueces County Jail from the Texas Department of Corrections on November 26, 1981. On December 21, 1981, the case was set for trial on February 8, 1982. Appellant did not appear in court at the pretrial setting on January 28, 1982, and was not rearrested until May 28, 1982. Further delay ensued when appellant's attorney requested that appellant be examined by a psychiatrist. Appellant was finally retried on November 15, 1982.

■ For the purposes of determining whether appellant's right to a new trial was violated, a "criminal action" commences on the date of the order granting a new trial. TEX.CODE CRIM.PROC.ANN. art. 32A.02 § 2(b) (Vernon Supp.1982).

At the pretrial hearing on appellant's Motion to Dismiss for Failure to Comply with the Speedy Trial Act, which was held on November 12, 1982, the prosecutor testified that the State had been ready

> "during all the period of August the 10th, 1981 .... The State ... has never been unready for trial. At all times since the Defendant has been arrested in this cause we have been ready for trial .... "

■ Irrespective of whether the new trial was granted on April 20, 1981 or on July 17, 1981, the State was ready to proceed to trial at any time from and after August 10, 1981, which was within the 120 day limitation period. Under these circumstances, we hold that the requirements of the Speedy Trial Act were met. *Valadez v. State,* 639 S.W.2d 941 (Tex.Cr.App.1982); *Barfield v. State,* 586 S.W.2d 538 (Tex.Cr.App.1978).

Appellant's second ground of error is overruled.

The judgment of the trial court is AFFIRMED.