OPINION
JUNELL, Justice.
Appellant pled no contest to an information charging him with the misdemeanor offense of driving while intoxicated. The court found him guilty and assessed pun *372 ishment at 120 days in jail, probated for two years, and a $450.00 fine. Appellant in two grounds of error contends that the trial court erred in denying his written motion to quash the information. He has preserved his right to appeal in accordance with Tex.Code Crim.Proc.Ann. art. 44.02 (Vernon 1979).
In his first ground of error appellant contends that the information did not adequately notify him of the offense charged so that he could prepare his defense. The offense allegedly occurred January 15, 1984, so the amended DWI statute effective January 1, 1984, applies. Tex.Rev.Civ. Stat.Ann. art. 6701Z-1 (Vernon Supp.1984).
The information alleges that he did “unlawfully while intoxicated, namely, having an alcohol concentration of at least 0.10 percent in his body, drive and operate a motor vehicle in a public place.” Under Article 6701Í-1 intoxicated means an alcohol concentration of 0.10 percent or more. Alcohol concentration is defined in terms of the number of grams of alcohol per 100 milliliters of blood, 210 liters of breath or 67 milliliters of urine. Appellant complains that the information should have specified whether the alcohol concentration was determined through analysis of blood, breath or urine samples.
A charging instrument must give the accused precise notice of the “nature and cause of the accusation against him.” Tex. Const.Ann. art. I § 10 (Vernon 1984). When a statute defining an act or omission provides more than one manner or means to commit the prohibited act or omission, upon timely request, the state must allege the particular manner or means it seeks to establish. For example, the state must specify in a delivery of heroin case whether delivery was by offer to sell or by actual transfer. Ferguson v. State, 622 S.W.2d 846 (Tex.Crim.App.1981) (en banc on rehearing). In a theft case, the state must set out the manner in which the defendant appropriated the property. Gorman v. State, 634 S.W.2d 681 (Tex.Crim.App.1982). When kidnapping is alleged, the state must delineate in which of two statutorily defined ways the defendant was alleged to have abducted the complainant. Gibbons v. State, 652 S.W.2d 413 (Tex.Crim.App.1983).
The state need not clarify a charging instrument when the term challenged does not go to an act or omission of the defendant. Therefore, in alleging theft the state need not specify what theory it will use to show lack of effective consent of the owner or what theory of ownership will be used to show that the property was taken from the owner. Thomas v. State, 621 S.W.2d 158 (Tex.Crim.App.1981) (on rehearing).
We hold that specifying how the accused’s alcohol concentration was measured does not concern the manner in which the offense was committed. Rather, the means of measurement would only inform the accused about the type of evidence the state intended to present at trial. In other words, this case falls under Thomas v. State, and not Ferguson v. State. The first ground of error is overruled.
In his second ground of error, appellant argues that the information is fatally defective because it fails to allege the offense of driving while intoxicated. Appellant reasons that the statute defines alcohol concentration in terms of urine, blood and breath samples so that an allegation concerning concentration in the body does not allege intoxication. The appellant’s argument is without merit. Testing of the blood, urine or breath specimens is simply a way of sampling what is in the body as a whole. The clear meaning of the statute is that a person is intoxicated when he has too much alcohol in his body. The language of the information need not track the statute exactly. Queen v. State, 662 S.W.2d 338, 341 (Tex.Crim.App.1983) (en banc). The second ground of error is overruled and the conviction affirmed.