**Thomas Venton REYNOLDS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 410–85.

Court of Criminal Appeals of Texas, En Banc.

Nov. 5, 1986.

Catherine Greene Burnett (court appointed on appeal) Houston, for appellant.

John B. Holmes, Jr., Dist. Atty. and William J. Delmore, III and Jack Millin, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

TOM G. DAVIS, Judge.

This is an appeal from the conviction of kidnapping. See V.T.C.A. Penal Code, Sec. 20.03. Trial was before the court, which assessed punishment at six years. The First Court of Appeals (Houston) held, inter alia, that the trial court did not err in overruling appellant's motion to quash the indictment. *Reynolds v. State,* 679 S.W.2d 715 (Tex.App.—Houston [1st Dist.] 1984). We granted appellant's Petition for Discretionary Review to examine this holding.

The indictment charged that appellant did:

"intentionally and knowingly restrain DEBORA ANN PRITZ, hereafter styled the Complainant, by using and threatening to use deadly force with intent to prevent the liberation of the complainant,

and with intent to facilitate commission of the felony of rape."[1]

Appellant timely filed a motion to quash this paragraph[2] of the indictment. In his motion appellant argued, inter alia, that the indictment was:

"fundamentally defective in that it uses only the conclusory term 'restrain.' By using only the conclusory term 'restrain,' and not defining the type of restraint the indictment is fundamentally defective as it fails to give the Defendant the notice required as to how he allegedly restrained the complainant, if at all.

"Because of the failure of the indictment to allege the type of restraint the indictment is fundamentally defective and subject to being set aside by this Motion."

According to Penal Code, Sec. 20.03(a), "A person commits an offense [of kidnapping] if he intentionally or knowingly *abducts* another person." (Emphasis added). The word "abduct" is defined in Penal Code, Sec. 20.01:

"(2) 'Abduct' means to *restrain* a person with intent to prevent his liberation by:

"(A) secreting or holding him in a place where he is not likely to be found; or

"(B) using or threatening to use deadly force." (Emphasis added).

"Restrain," as used in the definition of "abduct," is also defined in Penal Code, Sec. 20.01:

"(1) 'Restrain' means to restrict a person's movements without consent, so as to interfere substantially with his liberty, by moving him from one place to another or by confining him."

The Court of Appeals did not have the benefit of this Court's recent opinion in *Adams v. State*, 707 S.W.2d 900 (Tex.Cr. App.1986). In *Adams*, this Court set forth an analysis to be utilized by the reviewing court when there is an issue of notice raised by a motion to quash. This Court stated:

"The important question is whether a defendant had notice adequate to prepare his defense. The first step in answering this question is to decide whether the charging instrument failed to convey some requisite item of 'notice.' If sufficient notice is given, this ends our inquiry. If not, the next step is to decide whether, in the context of the case, this had an impact on the defendant's ability to prepare a defense, and finally, how great an impact."

We hold that sufficient notice was not given in the charging instrument. In *Gorman v. State*, 634 S.W.2d 681, 684 (Tex.Cr. App.1982) (Opinion on State's Motion for Rehearing) this Court held that "a defendant is entitled to notice of acts or omissions he is alleged to have committed." Clearly, to "restrain" is to act. See V.T.C.A. Penal Code, Sec. 1.07(a)(1) (" 'Act' means a bodily movement, whether voluntary or involuntary, and includes speech."). Therefore, appellant, upon the filing of his motion to quash, was entitled to have notice of whether or not he was to be tried for "abducting" the victim in one of the two ways provided for in Penal Code section 20.01(1): "restraining" her by either "moving [her] from one place to another *or* by confining [her]." (Emphasis added). See also, *Gibbons v. State*, 652 S.W.2d 413, 415 (Tex.Cr.App.1983) ("Where an indictment contains a necessary allegation of an act by the accused which comprises more than one *statutorily defined* means of its performance, as here with the allegation of abduction, but the indictment fails to specify which of the statutory definitions of the act is relied upon, the indictment is subject to a motion to quash." [citing *Coleman v. State*, 643 S.W.2d 124 (Tex.Cr.App.1982), and *Gorman, supra.* ]). Therefore, it was error for the trial court to overrule appellant's motion to quash.

---

**1.** Although appellant was charged with the offense of aggravated kidnapping, he was found guilty of the lesser offense of kidnapping.

**2.** Appellant also filed a motion to quash the second paragraph of the indictment, charging him with rape. This motion was granted by the trial judge.

The Court of Appeals relied upon *Ward v. State*, 642 S.W.2d 782 (Tex.Cr.App.1982) for the proposition that the term "restraint" need not be defined in an indictment. The Court of Appeals stated the following:

"While it is impossible to make a meaningful distinction between *Gibbons*, which holds that 'abduct' must be defined in a kidnapping indictment, and *Ward*, which holds that 'restraint' need not be defined in a false imprisonment indictment, *Ward* clearly controls when the term 'restraint' is at issue."

679 S.W.2d at 720. We disagree with this analysis. In *Ward*, the allegation in the motion to quash was that the indictments were vague and insufficient because they did not "state with particularity 'the *circumstances* which gave rise to the allegation of restraint and/or confinement.'" 642 S.W.2d at 784 (Emphasis added). This Court held that this request was evidentiary only and therefore was not required for the purpose of notice. *Id.* Here, however, the motion to quash alleged that the term "restrain" was not sufficiently defined so as to inform the appellant which type of restraint was to be relied upon by the State. Therefore, *Ward* does not control the instant case. Insofar as *Reese v. State*, 712 S.W.2d 131 (Tex.Cr.App.1986) is inconsistent with this opinion, it is overruled.

Having found that the indictment did not provide appellant with the requisite notice, the next stage of the *Adams* test, i.e. the harm analysis, must be employed. Accordingly, we remand to the Court of Appeals to determine whether or not appellant was harmed by the trial court's overruling his motion to quash. See, e.g. *Cane v. State*, 698 S.W.2d 138, 141 (Tex.Cr.App.1985). This Court expresses no opinion with respect to the ultimate disposition of the ground of error.

The judgment of the Court of Appeals is vacated and the cause is remanded for further proceedings consistent with this opinion.

ONION, Presiding Judge, dissenting.

I agree that the trial court erred in overruling the appellant's motion to quash the indictment, but I would reverse the conviction. I do not agree with *Adams v. State*, 707 S.W.2d 900 (Tex.Cr.App.1986). If, however, *Adams* is to be applied, it should be applied here. The case should not be remanded to the Court of Appeals. Ping pong justice does nothing to promote the finality of judgments in criminal cases.

TEAGUE, J., joins in this dissent.