

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-20-00155-CR

Juan **KELA**, Jr.,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 6, Bexar County, Texas
Trial Court No. 623424
Honorable Wayne Christian, Judge Presiding

Opinion by:     Patricia O. Alvarez, Justice

Sitting:          Patricia O. Alvarez, Justice
                 Luz Elena D. Chapa, Justice
                 Irene Rios, Justice

Delivered and Filed: May 26, 2021

AFFIRMED

Appellant Juan Kela, Jr. was convicted of unlawful restraint after he locked his girlfriend in their bedroom while she slept. Kela now appeals his conviction, arguing that the trial court should have included a jury instruction for the lesser included offense of attempted unlawful restraint, and because it did not, he was harmed, and his conviction should be reversed. The State argues that the evidence does not support the lesser included offense, and that Kela should be estopped from his argument because of a pretrial agreement. We affirm the trial court's judgment.

## BACKGROUND

Kela and his girlfriend had been dating for about a year and lived together at his house in San Antonio, but there was tension between them because some personal property in the house had gone missing.

One night, Kela's girlfriend came home late from working in Austin and went to bed. Kela was already asleep in bed. The next morning when the girlfriend awoke, Kela had already left for work. The girlfriend discovered that she could not open the bedroom door. The doorknob turned, but the door was firmly shut and would not pull open. The bedroom had a balcony, but it was too high to jump from. There was no other exit. Kela's girlfriend tried unsuccessfully for some period of time to pull the bedroom door open. She pulled as hard as she could and was finally able to get the door open. She noticed a wire hanging from the doorknob on the other side of the door, and she testified that it appeared to have been tied across the hall to another doorknob. She called 911 to report what had happened. Kela and his girlfriend ended their relationship after the incident, and Kela's girlfriend testified to feeling scared because of the incident.

Kela now appeals his conviction.

## REQUESTED JURY INSTRUCTION

### A. Parties' Arguments

Kela argues that his request for a jury instruction on the lesser included offense of attempted unlawful restraint should have been granted, that he was harmed by the trial court improperly denying his request, and that his conviction should be reversed as a result. The State argues that the evidence did not support a jury instruction for attempt and that Kela's request was properly denied.

## B. Standard of Review

"Determining whether a defendant is entitled to a lesser-included-offense instruction requires a two-part analysis." *Goad v. State*, 354 S.W.3d 443, 446 (Tex. Crim. App. 2011) (citing *Hall v. State*, 225 S.W.3d 524, 528 (Tex. Crim. App. 2007)). First, we must determine whether the requested instruction refers to a lesser included offense of the charged offense. *Id*. Next, we must determine whether the evidence supports the requested instruction. *Id*. (citing *Rice v. State*, 333 S.W.3d 140, 144 (Tex. Crim. App. 2011)). "The evidence supports an instruction on a lesser-included offense if it permits a rational jury to find the defendant guilty only of the lesser-included offense." *Id*. For this second prong, we review all the trial evidence to determine if more than a scintilla of evidence would entitle the appellant to the requested instruction, but we do not consider "[t]he credibility of the evidence and whether it conflicts with other evidence or is controverted." *Id*. at 146–47 (quoting *Banda v. State*, 890 S.W.2d 42, 60 (Tex. Crim. App. 1994)).

## C. Applicable Law

A person commits the offense of unlawful restraint "if he intentionally or knowingly restrains another person." TEX. PEN. CODE ANN. § 20.02; *accord Jenkins v. State*, 248 S.W.3d 291, 293 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd); *Anderson v. State*, 125 S.W.3d 729, 730 (Tex. App.—Texarkana 2003, no pet.).[1] A person commits an attempt if, "with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended." *Ransier v. State*, 594 S.W.3d 1, 9 (Tex. App.—Houston [14th Dist.] 2019, pet. granted) (quoting TEX. PENAL CODE ANN. § 15.01(a)). A defendant may be said to attempt unlawful restraint if he tries and fails to restrain a person. *See Phifer v. State*, No. 05-14-01411-CR, 2016 WL 772737, at *2 (Tex. App.—Dallas Feb. 29, 2016, no pet.)

---

[1] Restraint can occur either by moving a person from one place to another or by confinement. *See* TEX. PEN. CODE ANN. § 20.01(1); *Reynolds v. State*, 723 S.W.2d 685, 686 (Tex. Crim. App. 1986); *Gibbons v. State*, 652 S.W.2d 413, 415 (Tex. Crim. App. 1983).

(mem. op., not designated for publication) (citing TEX. PENAL CODE ANN. § 15.01). However, a defendant may be said to have completed the greater offense of unlawful restraint if he successfully restrains a person, even if that person then escapes the restraint. *See* TEX. PEN. CODE ANN. § 20.02 (stating no time requirement); *see also Hines v. State*, 75 S.W.3d 444, 447–48 (Tex. Crim. App. 2002) (Regarding kidnapping, of which unlawful restraint is a lesser included offense, courts "have consistently held that … there is no specific time requirement for determining whether a restraint has taken place.") (citing *Santellan v. State*, 939 S.W.2d 155, 163 (Tex. Crim. App. 1997)); *Warner v. State*, 944 S.W.2d 812, 814 (Tex. App.—Austin 1997, pet. granted) (concluding that attempt instruction was not appropriate even though victim escaped restraint); *Barraza v. State,* No. 05-04-00104-CR, 2005 WL 2222196, at *4 (Tex. App.—Dallas Sept. 14, 2005, no pet.) (mem. op., not designated for publication) (concluding that the evidence was sufficient to establish the completed crime of aggravated kidnapping even though the victim escaped). If the evidence clearly shows that the defendant confined a person, even if the manner or means of confinement could be interpreted differently,[2] then whether the defendant completed the restraint is not the question at issue, and an instruction for attempt would not be appropriate. *See Warner*, 944 S.W.2d at 814.

**D. Analysis**

An attempted unlawful restraint may be a lesser included offense of unlawful restraint if a defendant tries but fails to restrain a person. *See Phifer v. State*, 2016 WL 772737, at *2 (citing TEX. PENAL CODE ANN. § 15.01). In the case at bar, we look to the evidence to determine whether

---

[2] "[T]he jury must unanimously agree about the occurrence of a single criminal offense, but they need not be unanimous about the specific manner and means of how that offense was committed." *Young v. State*, 341 S.W.3d 417, 422 (Tex. Crim. App. 2011) (citing *Huffman v. State*, 267 S.W.3d 902 (Tex. Crim. App. 2008)). *But see Reynolds*, 723 S.W.2d at 686 (concluding that the State's failure to allege the specific manner or means of restraint when two alternative methods for committing one offense are provided by statute, i.e., moving a person from one place to another or by confinement, makes an indictment defective and subject to a motion to quash) (citing *Gibbons*, 652 S.W.2d at 415).

Kela could have been convicted only of attempted unlawful restraint. *See Goad*, 354 S.W.3d at 446; *Rice*, 333 S.W.3d at 144.

The uncontroverted evidence established that Kela's girlfriend found herself trapped in their bedroom after Kela left for work. It took some time for her to be able to open their bedroom door. When she was finally able to open the door, she discovered a wire tied to the knob. It appeared to her that the door had been wired shut by being tied to another doorknob across the hall. Kela disputes whether this was possible given the apparent length of the wire tied to the doorknob, but Kela's girlfriend surmised that the wire had coiled back on itself once she pulled the door open and broke the wire restraint. Kela did not dispute that he had placed the wire on the door or that his girlfriend was locked inside the room.

Based on the evidence, we conclude that the issue in dispute relates to the manner and means of confinement, which the jury did not have to agree on, rather than to the fact of confinement. *See Young*, 341 S.W.3d at 422. Accordingly, we agree with the trial court's ruling that the requested instruction of attempt was not warranted by the evidence, and we overrule Kela's sole issue on appeal.[34]

## CONCLUSION

Upon review, we conclude that, although attempted unlawful restraint may be a lesser included offense of unlawful restraint generally, the requested instruction was properly denied in this case. We therefore do not reach the question of harm, and we affirm the trial court's judgment.

Patricia O. Alvarez, Justice

DO NOT PUBLISH

---

[3] The State also argues that Kela was estopped from arguing that it was impossible for the wire to stretch across the hall because he conceded that he placed the wire on the door. Because we conclude that the evidence did not support a lesser-included-offense instruction of attempt, we do not reach the State's estoppel argument.

[4] Kela's discussion of harm caused by the trial court refusing to give the requested instruction is attendant to the issue of instructing the jury on attempt and is rendered moot by our conclusion that the instruction was properly denied.