Walter Gerald ANDERSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–02–00065–CR.

Court of Appeals of Texas,
Texarkana.

Submitted Dec. 4, 2003.

Decided Dec. 18, 2003.

Donald L. Jarvis Jr., Jarvis Law Firm, Sherman, for appellant.

Michael Skotnik, Asst. Dist. Atty., Bonham, for appellee.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Chief Justice MORRISS.

When Walter Gerald Anderson drew the chrome, automatic pistol and ordered taxi cab driver, Darin Barnett, to drive Anderson and his two companions to Utah, Barnett later said the sight of the gun, "Scared me stiff." A Fannin County jury found Anderson guilty of the aggravated kidnapping of Barnett, as charged in the indictment. *See* TEX. PEN.CODE ANN. § 20.04 (Vernon 2003). The trial court sentenced Anderson to twenty-five years' imprisonment in accordance with the jury's recommendation. At trial, Anderson, charged with aggravated kidnapping, had requested a charge on unlawful restraint as a lesser-included offense. On appeal, Anderson contends the trial court erred by failing to give that lesser-included offense charge.

■ A trial court should honor a criminal defendant's request that the jury be instructed on a lesser-included offense if (1) the lesser offense is "included within the proof necessary to establish the offense charged," and (2) there is "some evidence in the record that if the defendant is guilty, he is guilty only of the lesser offense." *Royster v. State,* 622 S.W.2d 442, 446 (Tex.Crim.App. [Panel Op.] 1981); *see Harner v. State,* 997 S.W.2d 695, 702 (Tex.App.-Texarkana 1999, no pet.).

A person commits the offense of kidnapping if the person "intentionally or knowingly abducts another person." TEX. PEN. CODE ANN. § 20.03 (Vernon 2003). A person commits the offense of *aggravated* kidnapping if the person uses or exhibits a deadly weapon during the commission of a kidnapping. TEX. PEN.CODE ANN. § 20.04(b). As used in Chapter 20 of the Texas Penal Code, the term "abduct" means to restrain a person with intent to prevent the person's liberation by either (1) secreting or holding the victim in a place where the victim is not likely to be found, or (2) by using or threatening to use deadly force. TEX. PEN.CODE ANN. § 20.01(2) (Vernon Supp.2004).[1] Since there is no suggestion that Anderson secreted Barnett, held him where he was not likely to be found, or actually used deadly force against him, the factual issue was whether he threatened to use deadly force.

■ A person commits the offense of unlawful restraint if the person intentionally or knowingly restrains another person. TEX. PEN.CODE ANN. § 20.02(a) (Vernon 2003). Chapter 20 of the Texas Penal Code defines "restrain" as "restrict[ing] a person's movements without consent, so as to interfere substantially with the person's liberty, by moving the person from one place to another or by confining the person." TEX. PEN.CODE ANN. § 20.01(1). Restraint is accomplished without consent if the actor uses deception, intimidation, or force. *Id.* Since there is no suggestion of deception in this instance, the factual issue would have been whether Anderson used intimidation or force.

Under the Texas Penal Code, both restraint and abduction require the restriction of the victim's movements. The statutory distinction between "abduct" and "restrain" appears to be that the former requires the additional proof of either secreting the victim, holding the victim in a place where the victim is not likely to be found, or by using or threatening to use deadly force. *See* TEX. PEN.CODE ANN.

---

1. The court's charge read " 'abduct' means to restrain a person with intent to prevent his liberation by using or threatening to use deadly force."

§ 20.01(2). In this case, whether Anderson committed aggravated kidnapping or the lesser-included offense of unlawful restraint boiled down to whether, on one hand, Anderson threatened to use deadly force or, on the other, he used intimidation or force.

■ Unlawful restraint is a lesser-included offense of aggravated kidnapping. *Schweinle v. State,* 915 S.W.2d 17, 19 (Tex. Crim.App.1996);[2] *Harner,* 997 S.W.2d at 702. Accordingly, Anderson has satisfied the first prong of the *Royster* test. The question remaining is whether a reasonable jury, looking at all the evidence, could have found the evidence established Anderson's guilt of only unlawful restraint, to the exclusion of the aggravated kidnapping charge, as required under the second prong of the *Royster* test.[3]

■ In applying *Royster's* second prong, "the trial court should make a determination as to whether the evidence of the lesser offense would be sufficient for a jury rationally to find that the defendant is guilty only of that offense and not the greater offense." *Harner,* 997 S.W.2d at 702 (citing *Rousseau v. State,* 855 S.W.2d 666, 673 (Tex.Crim.App.1993)). "In determining whether the trial court erred in failing to give a charge on a lesser included offense, all of the evidence must be considered." *Id.;* (referencing *Havard v. State,* 800 S.W.2d 195, 216 (Tex.Crim.App.1989) (op. on reh'g)). "A jury, as trier of fact, is entitled to believe all or part of the conflicting testimony proffered and introduced by either side." *Id.* (citing *Bignall v. State,* 887 S.W.2d 21, 24 (Tex.Crim.App. 1994)). "Furthermore, a jury can selectively believe all or part of the evidence admitted at trial." *Id.* (citing *Bignall,* 887 S.W.2d at 24).

The Court of Criminal Appeals has determined that it is not enough that the jury may disbelieve crucial evidence pertaining to the greater offense; there must be some evidence directly germane to a lesser included offense for the fact finder to consider before an instruction on a lesser included offense is warranted.

*Id.* (citing *Bignall,* 887 S.W.2d at 24).

In the case now before us, for the trial court to have erred, there must be some evidence directly germane to an unlawful restraint offense for such an instruction to be warranted. *Cf. Harner,* 997 S.W.2d at 702. More specifically, because the trial court's charge for aggravated kidnapping authorized Anderson's conviction only if the jury found Anderson abducted Barnett by threatening deadly force, there must be some evidence to suggest Anderson unlawfully restrained Barnett by restricting Barnett's movements through force or intimidation, by employing a means other than by threatening to use deadly force. *See* TEX. PEN.CODE ANN. § 20.01(1)(A) (defining restraint as being accomplished without consent if it is through force, intimidation, or deception); TEX. PEN.CODE ANN. § 20.02(a) (defining unlawful restraint). This distinction between the hypothetical proof necessary for unlawful

---

**2.** In its 1996 *Schweinle* opinion, the Texas Court of Criminal Appeals held "false imprisonment" was a lesser-included offense of aggravated kidnapping. *Schweinle v. State,* 915 S.W.2d 17 (Tex.Crim.App.1996). The Legislature renamed the crime of "false imprisonment" in 1997. It is now called "unlawful restraint." Substantively, the former "false imprisonment" and the current "unlawful re-

straint" statutes are identical. *Compare* Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 1.01, sec. 20.02, 1993 Tex. Gen. Laws 3586, 3615, *with* TEX. PEN.CODE ANN. § 20.02 (Vernon 2003).

**3.** Anderson did not request, nor was the jury instructed, on simple kidnapping as an alternative verdict.

restraint (as suggested by Anderson's brief on appeal) and actual proof required for aggravated kidnapping (as defined in this case by the trial court's jury instructions) is critical. If the jury did not believe beyond a reasonable doubt that Anderson accomplished the alleged kidnapping by threatening to use deadly force, the jury would, by following the trial court's instructions, be required to acquit Anderson of aggravated kidnapping. For a charge of unlawful restraint to have been submitted, however, there would have to be evidence that Anderson restrained Barnett's liberty through some means other than by threatening to use deadly force.

■ Anderson presents four areas of testimony he suggests would permit a jury to rationally conclude he would be guilty only of unlawful restraint: (a) the testimony of codefendant Enrique Garza regarding whether Anderson actually used the gun in a threatening manner, (b) whether the phrase "we are going to Utah" meant the three codefendants or whether the phrase meant the three codefendants plus Barnett, (c) the conflict in the evidence regarding whether Anderson prevented Barnett from answering the cell phone, and (d) whether the jury could have found Anderson merely restrained Barnett's liberty without abducting him.

### a. Displaying the gun

Barnett testified at trial that Anderson, Garza, and a third companion got into Barnett's taxi and asked Barnett to take them from Lucky's Food Store to Honey Grove. The men eventually changed their minds and asked Barnett to take them to the Red River, located north of Bonham, Texas, the town in which they were currently located. According to Barnett, as Barnett drove toward the river, Anderson drew a gun and ordered Barnett to drive the three men to Utah. Barnett described Anderson's gun as a chrome, automatic pistol, and said the sight of it, "Scared me stiff." Barnett further testified it was the sight of Anderson's gun that caused him to feel restrained. In fact, Barnett said he did not feel it was safe to go to the police until after Anderson had climbed into a car Barnett eventually sold the men, because it was not until that moment that Anderson stopped pointing the gun at Barnett.

Testifying for Anderson, Garza claimed Anderson told Barnett not to be nervous or scared as Anderson removed the gun from his side, and that Anderson was only putting the gun in his lap because it was hurting his side. In response to the State's question of whether Garza saw Anderson point the gun at Barnett, Garza responded he "didn't really see [the gun]." Garza also admitted that he did not see Anderson holding the gun after he pulled it out and that he did not know whether Anderson had pointed the gun at Barnett. More importantly, Garza testified that he could not tell whether Barnett's attitude and demeanor changed after Anderson took out the gun, nor could Garza hear or remember much of what was said between Anderson and Barnett. Anderson contends Garza's testimony, if believed by the jury, would negate the element of the aggravated kidnapping charge requiring Anderson to have used or exhibited a deadly weapon during the course of a kidnapping, and thereby entitle Anderson to a charge on unlawful restraint.

Garza's testimony does not support the proposition now advanced by Anderson. Garza's testimony confirmed Anderson, at a minimum, "exhibited" a deadly weapon when, according to Garza, Anderson placed the gun in his lap. More importantly to our resolution of this issue, however, was Garza's express denial of knowing how or if Anderson brandished the gun in a threatening manner at any later point dur-

ing the taxi ride. As such, Garza's lack of knowledge forecloses his testimony as a source of evidence that discredits Barnett's claim that he felt threatened with deadly force when Anderson pointed the gun at him. Moreover, Garza did not testify that Anderson restrained Barnett's liberty in a manner different than threatening Barnett with a gun, such as the use of physical restraint or by using or threatening to use nondeadly force. Barnett did not testify he felt restrained by a threat of the use of nondeadly force, such as would be required to support a conviction for unlawful restraint under the facts of this case. Anderson's appellate brief suggests the jury could have concluded Barnett felt "that it was Mr. Anderson's size that intimidate [sic] Mr. Barnett." There is, however, no evidence in the record to support such conjecture, such as a physical description of either Anderson or Barnett or of any threat or intimidation other than the display of the gun. Accordingly, there is no evidence that Anderson, if guilty, is guilty only of the lesser-included offense of unlawful restraint.

### b. "We're going to Utah"

Anderson also points to a portion of Barnett's testimony as a source of evidence from which Anderson contends a jury could have found him guilty only of unlawful restraint. Barnett told the jury Anderson pulled out the gun and told Barnett "we [are] going to go to Utah and there [aren't] going to be any problems." Anderson contends the term "we" in that alleged statement could have meant that only Anderson and the two codefendants (rather than Anderson, the two codefendants, *and* Barnett) were going to Utah. At trial, Anderson did not make this argument before the trial court as a basis for a lesser-included charge.

There was, however, no evidence anyone other than Barnett drove the taxi or that anyone asked Barnett to give the keys to someone else, who would then drive. Barnett and Garza both testified Barnett drove the taxi. Garza said he did not remember whether he, Anderson, and a third codefendant conspired before the alleged incident to kidnap Barnett, nor did Garza say the group's (or Anderson's) intent was to merely steal the vehicle and drive themselves to Utah. Accordingly, we do not find a lesser-included charge was required by Anderson's semantic interpretation of Barnett's testimony when that interpretation was not consistent with any of the evidence and was not proffered by counsel in the trial court. *See* Tex.R.App. P. 33.1(a)(1)(A) (preservation of error requires sufficient specificity).

### c. *Preventing the use of the cell phone*

Anderson also suggests a jury could have found him guilty of unlawfully restraining Barnett based on Barnett's testimony that Anderson would not allow Barnett to answer his cell phone. Barnett testified his cell phone rang five times before Anderson finally allowed Barnett to answer it. Even if Anderson prevented Barnett's use of the cell phone, such evidence does not show Anderson also restricted Barnett's liberty by moving Barnett from one place to another or by interfering "substantially" with Barnett's liberty without the victim's consent, as would be required by the statute. *See* Tex. Pen.Code Ann. § 20.02(b). Thus, this evidence would not allow a jury to conclude Anderson was guilty only of unlawful restraint.

### d. *Restraint without abduction?*

Finally, Anderson contends the jury could have disbelieved Barnett's testimony that Anderson threatened Barnett with the gun, thereby leading to the conclusion that the State failed to prove Anderson abducted Barnett through the use or exhibition of

a deadly weapon during the commission of the offense. *See* TEX. PEN.CODE ANN. § 20.04(b). Then, according to Anderson's appellate argument, if the jury found Anderson had merely restrained Barnett, but did not also find Anderson held Barnett in a place where he was unlikely to have been found, then Anderson would have been guilty only of the lesser-included offense of unlawful restraint. We disagree.

First, Anderson erroneously assumes the jury was authorized to convict him of aggravated kidnapping if the jury found he had abducted Barnett by secreting or holding him in a place where he was not likely to be found. The jury instructions, however, authorized Anderson's conviction only if the jury believed Barnett's restraint was accomplished through the use or threat of using deadly force.

Second, Anderson's argument does not relate to the charge of unlawful restraint because it fails to indicate what evidence suggested Anderson accomplished the movement or confinement of Barnett using force other than through the threat of deadly force. Such information is exactly the evidence that would be needed to satisfy *Royster*'s second prong. For example, Garza did not testify Anderson threatened Barnett with physical, nondeadly violence. Had Garza so testified, that would be evidence from which a jury could have concluded Anderson was guilty only of the offense of unlawful restraint. Garza, however, testified that he did not hear Anderson threaten Barnett and that Anderson did not display the gun in a threatening manner. Thus, Garza's testimony would not support the conclusion Anderson was guilty only of unlawful restraint. Anderson's argument "relies on speculation, which does not affirmatively raise the issue or require an instruction on the lesser included offense[] of . . . unlaw-

ful restraint." *Harner*, 997 S.W.2d at 702–03 (referencing *Bignall*, 887 S.W.2d at 24).

We overrule Anderson's sole point of error and affirm the trial court's judgment.