**Opinion issued July 28, 2015**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-13-00778-CR

———————————

## DANIEL GONZALEZ RODRIGUEZ, Appellant

## V.

## THE STATE OF TEXAS, Appellee

On Appeal from the 351st District Court
Harris County, Texas
Trial Court Case No. 1380317

## MEMORANDUM OPINION

Daniel Rodriguez appeals his conviction for kidnapping.[1] In two issues, he contends that (1) there is insufficient evidence of intent to abduct to support the jury's guilty verdict and (2) the trial court abused its discretion by denying his

---

[1]    TEX. PENAL CODE ANN. § 20.03 (West 2011).

request for a jury instruction on the lesser-included offense of unlawful restraint.[2] We affirm.

## Background

Early one morning, seven-year-old Jane[3] was playing on coin-operated "horses" with a friend at the flea market where her mother was a vendor. Jane's mother testified that she was keeping an eye on the children but looked away "for just a minute" while setting up her display. According to Jane, Rodriguez approached the young girls and offered them quarters to activate the horses. He then asked Jane if she wanted to go to his house. Jane declined both offers.

Suddenly, Rodriguez grabbed Jane's wrist. Jane testified that this "hurt" and that she was unable to escape Rodriguez's grasp. Rodriguez forced Jane toward an out-of-sight exit.

Jane's mother looked back and did not see Jane. Jane's friend said that she had left with her father. Because Jane's father was not at the flea market, Jane's mother became alarmed and contacted security.

Security personnel found Rodriguez and Jane before they reached the exit. According to Jane, Rodriguez claimed that she was his daughter. Another witness testified that Rodriguez said that Jane's mother gave him permission to take Jane. These ruses did not work, and Jane was returned to her mother.

---

[2] TEX. PENAL CODE ANN. § 20.02 (West 2011).
[3] We refer to the complainant by this pseudonym to protect her identity.

Rodriguez was convicted of kidnapping. He timely appealed.

## Sufficiency of the Evidence

In his first issue, Rodriguez contends that the evidence is insufficient to support the jury's guilty verdict.

### A.    Standard of review

We review a challenge to the sufficiency of the evidence under the standard announced in *Jackson v. Virginia*, 443 U.S. 307, 318–20, 99 S. Ct. 2781, 2788–89 (1979). *See Brooks v. State*, 323 S.W.3d 893, 894–95 (Tex. Crim. App. 2010). Under the *Jackson* standard, evidence is insufficient to support a conviction if, considering all of the record evidence in the light most favorable to the verdict, no rational factfinder could have found that each essential element of the charged offense was proven beyond a reasonable doubt. *Jackson*, 443 U.S. at 317–19, 99 S. Ct. at 2788–89; *Laster v. State*, 275 S.W.3d 512, 517–18 (Tex. Crim. App. 2009). We consider both direct and circumstantial evidence and all reasonable inferences that may be drawn from the evidence in making our determination. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

The *Jackson* standard defers to the factfinder to resolve any conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from "basic facts to ultimate facts." *Jackson*, 443 U.S. at 318, 99 S. Ct. at 2789; *Clayton*, 235 S.W.3d at 778. We presume that the factfinder resolved any conflicts in the

evidence in favor of the verdict and defer to that resolution, provided that the resolution is rational. *See Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793.

Evidence is insufficient when (1) the record contains no evidence, or merely a "modicum" of evidence, probative of an element of the offense, (2) the evidence conclusively establishes a reasonable doubt, or (3) the acts that the State alleges, if true, do not constitute the charged crime. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007); *see Jackson*, 443 U.S. at 314–19, 99 S. Ct. at 2786–89. If an appellate court finds the evidence to be insufficient under this standard, it must reverse the judgment and enter an order of acquittal. *See Tibbs v. Florida*, 457 U.S. 31, 41, 102 S. Ct. 2211, 2217 (1982).

### B.      Definition of kidnapping

"A person commits [kidnapping] if he intentionally or knowingly *abducts* another person." TEX. PENAL CODE ANN. § 20.03 (West 2011) (emphasis added). "'Abduct' means to *restrain* a person with intent to prevent his liberation by: (A) secreting or holding him in a place where he is not likely to be found; or (B) using or threatening to use deadly force." TEX. PENAL CODE ANN. § 20.01(2) (West 2011) (emphasis added). "'Restrain' means to restrict a person's movements without consent . . . ." TEX. PENAL CODE ANN. § 20.01(1). Thus, "[a] kidnapping becomes a completed offense when a restraint is accomplished, and there is evidence that the actor intended to prevent liberation and that he intended to do so

4

by either secretion or the use or threatened use of deadly force." *Mason v. State*, 905 S.W.2d 570, 575 (Tex. Crim. App. 1995).

## C. Evidence of intent to prevent liberation by secreting Jane

Rodriguez concedes that the evidence is sufficient to conclude that he restrained Jane, but he contends that the evidence is insufficient to conclude that he intended to prevent her liberation and that he intended to do so by secretion or deadly force. We disagree. Jane testified that Rodriguez asked her to go to his house before grabbing her wrist and dragging her toward an exit. An eyewitness saw Rodriguez "walking . . . with a purpose. . . . He was walking towards the exit like he needed to go." When confronted by security, Rodriguez lied that he was Jane's father. Rodriguez told Jane that she could watch television once she was in his house. From this evidence, a reasonable jury could conclude that Rodriguez intended to prevent Jane's liberation and that he intended to do so by secreting her away to a location where she was unlikely to be found. *See Laster v. State*, 275 S.W.3d 512, 522-23 (Tex. Crim. App. 2009) (evidence that defendant grabbed child complainant and attempted to drag her into his car was sufficient to show intent to secret away).

Rodriguez argues that Jane's testimony should be given no weight because (1) he did not use exits closer to Jane's location, (2) he chose an exit far away from his truck, (3) Jane was unattended, (4) an eyewitness testified that Jane was calm

5

when found and reluctant to leave Rodriguez, and (5) Jane reported no wrist pain to her doctor several days later. How these factors impact the weight of Jane's testimony is for the jury to decide. Following *Jackson*, we presume that the jury resolved the weight of evidence in favor of the verdict, and defer to that finding. *See Jackson*, 443 U.S. at 326; 99 S. Ct. at 2793.

Accordingly, we overrule Rodriguez's first issue.

## Lesser-Included Offense

In his second issue, Rodriguez contends that the trial court erred by denying his request for a jury instruction on the lesser-included offense of unlawful restraint.

### A.     Standard of review

"In determining if the jury should be charged on a lesser offense, this Court applies a two-step analysis." *Segundo v. State*, 270 S.W.3d 79, 90 (Tex. Crim. App. 2008). "First, we decide if the offense is a lesser-included offense of the charged offense . . . ." *Id.* This "is a question of law," and the standard of review is de novo. *Hall v. State*, 225 S.W.3d 524, 535 (Tex. Crim. App. 2007).

"The second prong of the test then requires an evaluation to determine whether some evidence exists that would permit a jury to rationally find that, if the defendant is guilty, he is guilty only of the lesser offense." *McKinney v. State*, 207 S.W.3d 366, 370 (Tex. Crim. App. 2006). "We review the trial court's decision

regarding including a lesser-included offense in the jury charge for abuse of discretion." *Brock v. State*, 295 S.W.3d 45, 49 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd). "In making this determination, this Court should review all of the evidence presented at trial." *Bignall v. State*, 887 S.W.2d 21, 23 (Tex. Crim. App. 1994). "Anything more than a scintilla of evidence" that the defendant is guilty of the lesser-included offense but not guilty of the charged offense "is sufficient to entitle a defendant to a lesser charge." *Id.*; *see Segundo*, 270 S.W.3d at 90–91.

## B.     An ineffective getaway is not evidence of restraint without abduction

Rodriguez argues that the jury should have been allowed the option of convicting him of unlawful restraint. A person commits the offense of unlawful restraint "if he intentionally or knowingly restrains another person." TEX. PENAL CODE ANN. § 20.02(a) (West 2011). Unlawful restraint is a lesser-included offense of kidnapping. *See Schweinle v. State*, 915 S.W.2d 17, 19 (Tex. Crim. App. 1996).

To be entitled to an instruction on a lesser-included offense, it is not enough that the jury could have disbelieved some portion of the evidence; rather "there must be some evidence directly germane to an unlawful restraint offense for such an instruction to be warranted." *Anderson v. State*, 125 S.W.3d 729, 731 (Tex. App.—Texarkana 2003, no pet.). Thus, "[t]he next step of the analysis is to determine whether there was evidence that if guilty, appellant was guilty only of restraining the complainant, without intending to prevent her liberation

7

by . . . secreting or holding her in a place where she was not likely to be found . . . ." *Schweinle*, 915 S.W.2d at 19.

Rodriguez argues that his decision to drag Jane toward a main exit, ignoring other nearby exits that could have facilitated an easier escape, is some evidence that he restrained her but did not intend to secret her away. But this is not evidence of restraint without abduction. Although Rodriguez could have chosen a more efficient getaway route, he was nevertheless heading toward an exit with Jane. This exit was not visible from Jane's original location. Rodriguez attempted to prevent Jane's escape by lying to security. There is no evidence that Rodriguez restrained Jane without intending to prevent her liberation by removing her to a location where she was unlikely to be found.

We conclude that the trial court did not abuse its discretion by refusing Rodriguez's request for an unlawful-restraint instruction. Accordingly, we overrule his second issue.

## Conclusion

We affirm the judgment of the trial court.


Harvey Brown
Justice

Panel consists of Justices Jennings, Bland, and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).