# NOS. 12-21-00215-CR
## 12-21-00216-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *PATRICK DELANE JOHNSON,*<br>*APPELLANT* | § | *APPEALS FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Patrick Delane Johnson appeals his convictions for aggravated kidnapping and continuous violence against the family. In three issues, Appellant argues that the evidence is insufficient to support the trial court's judgment, the trial court erred in failing sua sponte to submit a charge on the lesser included offense of unlawful restraint, and the assessment of court costs is improper. We modify and affirm as modified.

## BACKGROUND

Appellant was charged by separate indictments with the aggravated kidnapping of Shannen Marvels and continuous violence against the family and pleaded "not guilty" to each charge. The matter proceeded to a jury trial, following which the jury found Appellant "guilty" of both offenses. The matter proceeded to a jury trial on punishment. Ultimately, the jury assessed Appellant's punishment at imprisonment for life for aggravated kidnapping and imprisonment for ten years for continuous violence against the family. The trial court sentenced Appellant accordingly, and this appeal followed.

In his first issue, Appellant argues that there is insufficient evidence to support the trial court's judgment for aggravated kidnapping. Specifically, Appellant contends that there is no evidence that "he acted with the specific intent of abduction."

**Standard of Review and Governing Law**

The ***Jackson v. Virginia***[1] legal sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the state is required to prove beyond a reasonable doubt. *See **Brooks v. State***, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). Legal sufficiency is the constitutional minimum required by the Due Process Clause of the Fourteenth Amendment to sustain a criminal conviction. *See **Jackson***, 443 U.S. at 315–16, 99 S. Ct. at 2786–87; *see also **Escobedo v. State***, 6 S.W.3d 1, 6 (Tex. App.–San Antonio 1999, pet. ref'd). The standard for reviewing a legal sufficiency challenge is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See **Jackson***, 443 U.S. at 320, 99 S. Ct. at 2789; *see also **Johnson v. State***, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). The evidence is examined in the light most favorable to the verdict. *See **Jackson***, 443 U.S. at 320, 99 S. Ct. at 2789; ***Johnson***, 871 S.W.2d at 186. A jury is free to believe all or any part of a witness's testimony or disbelieve all or any part of that testimony. *See **Lee v. State***, 176 S.W.3d 452, 458 (Tex. App.–Houston [1st Dist.] 2004), *aff'd*, 206 S.W.3d 620 (Tex. Crim. App. 2006). A successful legal sufficiency challenge will result in rendition of an acquittal by the reviewing court. *See **Tibbs v. Florida***, 457 U.S. 31, 41–42, 102 S. Ct. 2211, 2217–18, 72 L. Ed. 2d 652 (1982).

Circumstantial evidence is as probative as direct evidence in establishing guilt, and circumstantial evidence alone can be sufficient to establish guilt. ***Rodriguez v. State***, 521 S.W.3d 822, 827 (Tex. App.–Houston [1st Dist.] 2017, no pet.) (citing ***Sorrells v. State***, 343 S.W.3d 152, 155 (Tex. Crim. App. 2011)). Each fact need not point directly and independently to the guilt of the appellant, provided that the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *See **Hooper v. State***, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Juries are permitted to draw multiple reasonable inferences so long as each inference is supported by the evidence presented at trial. ***Id.*** at 15. Juries are not permitted

---

[1] 443 U.S. 307, 315–16, 99 S. Ct. 2781, 2786–87, 61 L. Ed. 2d 560 (1979).

to reach conclusions based on mere speculation or factually unsupported inferences or presumptions. *Id.* An inference is a conclusion reached by considering other facts and deducing a logical consequence from them, while speculation is mere theorizing or guessing about the possible meaning of facts and evidence presented. *Id.* at 16.

The sufficiency of the evidence is measured against the offense as defined by a hypothetically correct jury charge. *See Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Such a charge would include one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant is tried." *Id.*

To support Appellant's conviction for aggravated kidnapping as charged, the State was required to prove that he, with the intent either (1) to terrorize or (2) inflict bodily injury, intentionally or knowingly abducted Marvels. *See* TEX. PENAL CODE ANN. § 20.04(a)(4), (5) (West 2019). As applied to this case, "abduct" means to restrain a person with intent to prevent her liberation by secreting or holding her in a place where she is not likely to be found. *See id.* § 20.01(2) (West Supp. 2021). Moreover, for the purposes of our review, "restrain" means to restrict a person's movements without consent by confining the person. *See id.* § 20.01(1). Restraint is "without consent" if it is accomplished by force, intimidation, or deception. *Id.* § 20.01(1)(A).

As the Court of Criminal Appeals has summarized the elements of the offense of kidnapping, the State must prove (1) a restraint made (2) with a specific intent to prevent liberation by either of two particular means. *Brimage v. State*, 918 S.W.2d 466, 475–76 (Tex. Crim. App. 1994); *Robinson v. State*, 568 S.W.3d 718, 722 (Tex. App.–Amarillo 2019, no pet.).

**The Evidence**

In the instant case, the record reflects that on April 8, 2018, Appellant was test driving a truck, while Marvels, his girlfriend, followed him in his vehicle. Marvels planned to purchase a vehicle for Appellant with settlement funds she was to receive from a lawsuit. However, when the matter of Marvels's present inability to pay for the truck arose during the test drive, Appellant and Marvels pulled over in the parking lot of a McDonald's restaurant in Tyler, Texas, where they began to argue. There, Appellant pushed, slapped, and choked Marvel, and a bystander contacted police to report the matter. The two then drove away in the truck Appellant

had been test driving, but soon, they were pulled over by police in response to the bystander's report. However, Marvels told the officer she had not been assaulted or suffered any injuries, and the officer did not arrest Appellant. The couple returned to McDonald's, where Marvels retrieved Appellant's vehicle, and they drove in separate vehicles to a nearby La Quinta Inn where Marvels already had a room.[2]

Once in the hotel room, Appellant, who still was upset, threw Marvels's glasses across the room, pushed her onto the bed, and choked her with both hands. Marvels testified she pleaded with Appellant to stop choking her and that she believed she was going to die before she eventually lost consciousness. When Marvels regained consciousness, she asked Appellant to let her leave, but Appellant refused. Later, when Appellant needed to urinate, he discovered that the layout of the bathroom made it impossible for him to hold onto Marvels's arm while standing at the toilet. As a result, he decided to urinate in the sink where he could maintain his grip on her. Marvels stated that Appellant's tight grip on her arm caused her pain. Thereafter, Appellant sat in front of the door so Marvels could not leave. While he did so, he smoked a cigarette and threatened to burn Marvels with the cigarette. When Marvels then told Appellant she needed to use the restroom, he allowed her to do so. While she was in the bathroom, she used her cell phone to call 9-1-1. When she exited the bathroom, she showed Appellant that she had called for help, and Appellant fled. Marvels testified that she was in the hotel room against her will with Appellant for between one and one and one-half hours while Appellant restricted her movements—she was not free to move about as she wanted or to leave the room. Marvels further testified that while she was in the hotel room, she was frightened because she thought Appellant was going to hurt or kill her.

After Appellant fled, Marvels went to her ex-boyfriend's residence on Timber Creek Drive in Tyler. Tyler Police Officer Ronnie Freeman met her there and took her statement, in which she described to him the events that transpired between her and Appellant at the hotel. Freeman testified regarding photographs he took of Marvels's injuries, including bruises on her neck and arm as well as swelling on her wrist. At trial, Freeman testified that based on her statements and her injuries, he concluded that the choking Marvels endured at the hotel could have killed her.

---

[2] Marvels described herself on the date in question as "homeless" and testified that no one other than she and Appellant knew she had rented a room at La Quinta Inn.

4

Later that night, Appellant came to the Timber Creek Drive residence. There, he knocked on a window and summoned Marvels to come outside. When she did so, he deflated her car tires. Marvels contacted police. In a verbal statement made to Tyler Police Officer Daniel Forbey, Appellant denied choking Marvels earlier that day but admitted that he was at the hotel room with Marvels and that he refused to let her leave.

## Discussion

Appellant argues that, under the facts of this case, he committed the offense of unlawful restraint rather than aggravated kidnapping.[3] More specifically, he argues that there is no evidence that he abducted Marvels because the State did not prove, as charged, that he intended to prevent her liberation by secreting or holding her in a place where she was not likely to be found since the record reflects that Marvels had a key to the hotel room, opened the door, and let Appellant inside.[4] We disagree.

First, the offense of kidnapping does not require that the defendant restrain the victim for any particular period of time. *Megas v. State*, 68 S.W.3d 234, 238–39 (Tex. App.–Houston [1st Dist.] 2002, pet. ref'd). Nor does the offense of kidnapping require that the victim be moved any particular distance. *Id.* Furthermore, the fact that a victim initially accompanies a defendant voluntarily into a hotel room does not preclude the possibility that kidnapping subsequently occurred inside the room. *See Anderson v. State*, No. 13-96-124-CR, 1997 WL 33642798, at *3 (Tex. App.–Corpus Christi–Edinburg Aug. 14, 1997, no pet.) (op., not designated for publication). If the actor intended at any time during the restraint to secret or hold the victim in a place where she is not likely to be found, the offense is complete. *See Wells v. State*, No.

---

[3] Appellant makes no argument that the evidence is insufficient to support specific "aggravating" intent under Section 20.04(a)(4) and (5). *See* TEX. PENAL CODE ANN. § 20.04(a)(4), (5) (West 2019).

[4] Appellant notes that in *Robinson v. State*, where the victim voluntarily accompanied the appellant to his apartment, and where the state alleged the intent element of "abduction" under Section 20.01(2) either by appellant's intent to secret and hold or by his use or threat of deadly force, the appellate court only concluded that the evidence was sufficient under the latter, alternative form of intent. *See Robinson v. State*, 568 S.W.3d 718, 723–24 (Tex. App.–Amarillo 2019, no pet.); *see also* TEX. PENAL CODE ANN. 20.01(2)(A), (B) (West Supp. 2021). Thus, Appellant suggests the court in *Robinson* apparently had misgivings as to whether the evidence would have been sufficient if, as in this case, the only allegation was that Appellant abducted Marvels with the intent to secret and hold her in a place where she is unlikely to be found. We disagree. In conducting an evidentiary sufficiency review, an appellate court only must analyze the issue to the extent necessary to reach a final disposition of the appeal. *See* TEX. R. APP. P. 47.1. It must do this in a way that is as brief as practicable. *See id.* If in its discussion of evidentiary sufficiency, an appellate court declines to address two alternative means of proving an element of an offense, it does not imply, without more, that the unaddressed element was not supported by sufficient evidence. *See id.*

06-17-00180-CR, 2018 WL 988412, at *1 (Tex. App.–Texarkana Feb. 21, 2018, pet. ref'd) (mem. op., not designated for publication).

The requirement of secreting the victim or holding her in a place where she is not likely to be found is a part of the mens rea of the offense, not the actus reus. ***Kenny v. State***, 292 S.W.3d 89, 95 (Tex. App.–Houston [14th Dist.] 2007, pet. ref'd); *see **Brimage***, 918 S.W.2d at 475–76. Thus, once restraint has been proven, the offense of kidnapping is complete when the actor evidences a specific intent to prevent liberation in this manner. *See **Kenny***, 292 S.W.3d at 95. Accordingly, the state need not prove the actor accomplished a restraint by secretion but only that the actor completed a restraint and evidenced a specific intent to prevent liberation by secretion. *See **id.*** Intent can be inferred from an accused's conduct, remarks, and the surrounding circumstances. *See **id.***

Here, the evidence demonstrates that Marvels and Appellant entered a hotel room, which Marvels rented earlier. Marvels, who described herself on the date in question as "homeless," testified that no one other than her and Appellant knew that she had rented that hotel room. *See **Megas***, 68 S.W.3d at 240 (proof that victim is kept isolated from anyone who might have been of assistance meets element of secreting or holding in place where victim is not likely to be found); *cf. **Price v. State***, 35 S.W.3d 136, 140–41 (Tex. App.–Waco 2000, no pet.) (jury could infer appellant's intent to hide victim in place where he was unlikely to be found where evidence showed that appellant confined victim in appellant's hotel room). Once they were in the room, Appellant became so upset that he threw Marvels's glasses across the room, pushed her onto the bed, and choked her until she lost consciousness. When she regained consciousness, he held her forcefully by the arm inside the room for a period of time, and, thereafter, sat in front of the door while threatening to burn Marvels with cigarettes and refusing to let her leave the room for an additional period of time.

Based on our review of the record, we conclude that there was ample evidence to permit the jury to find beyond a reasonable doubt that Appellant, with the intent either (1) to terrorize or (2) inflict bodily injury, intentionally or knowingly abducted Marvels—that is, he restricted her movements without her consent by confining her with the intent to prevent her liberation by secreting or holding her in a place where she is not likely to be found because he isolated her from anyone who might be of assistance. *See* TEX. PENAL CODE ANN. §§ 20.01(1), (2),

6

20.04(a)(4), (5); *Megas*, 68 S.W.3d at 240. Therefore, we hold that the evidence is legally sufficient to support the trial court's judgment. Appellant's first issue is overruled.

## LESSER-INCLUDED OFFENSE

In his second issue, Appellant argues that the trial court abused its discretion in sua sponte failing to submit an instruction in its charge on the lesser included offense of unlawful restraint.

### Standard of Review and Governing Law

The trial judge has an absolute sua sponte duty to prepare a jury charge that accurately sets out the law applicable to the specific offense charged. *Oursbourn v. State*, 259 S.W.3d 159, 179 (Tex. Crim. App. 2008). We review alleged jury charge error in two steps—we first determine whether error exists, and, if so, we then evaluate whether sufficient harm resulted from the error to require reversal. *Price v. State*, 457 S.W.3d 437, 440 (Tex. Crim. App. 2015); *Ngo v. State*, 175 S.W.3d 738, 743–44 (Tex. Crim. App. 2005); *Joshua v. State*, 507 S.W.3d 861, 863–64 (Tex. App.–Houston [1st Dist.] 2016, no pet). The degree of harm required for reversal depends on whether the jury charge error was preserved in the trial court. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g) (setting forth analysis for determining whether jury charge error requires reversal). If the jury charge error properly has been preserved by an objection or request for instruction, reversal is required if the appellant has suffered "some harm" from the error. *Vega v. State*, 394 S.W.3d 514, 519 (Tex. Crim. App. 2013); *see Barrios v. State*, 283 S.W.3d 348, 350 (Tex. Crim. App. 2009). When, as here, the defendant fails to object or states that he has no objection to the charge, we will not reverse for jury charge error unless the record shows the defendant suffered egregious harm. *See Ngo*, 175 S.W.3d at 743–44. Thus, in considering Appellant's issues, we first must determine if there was error in the charge. *See Joshua*, 507 S.W.3d at 864. Only if we find error do we address whether Appellant was harmed sufficiently to require reversal. *Id.*

The trial court shall "deliver to the jury . . . a written charge distinctly setting forth the law applicable to the case [and] not expressing any opinion as to the weight of the evidence[.]" TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2007). A trial court must instruct the jury on a lesser-included offense if (1) the lesser offense is "included within the proof necessary to establish the offense charged," and (2) there is "some evidence in the record that if the defendant

is guilty, he is guilty only of the lesser offense." ***Anderson v. State***, 125 S.W.3d 729, 730 (Tex. App.–Texarkana 2003, no pet.) (citing ***Royster v. State***, 622 S.W.2d 442, 446 (Tex. Crim. App. [Panel Op.] 1981)).

The elements of aggravated kidnapping are set forth above. A person commits the offense of unlawful restraint if the person intentionally or knowingly restrains another person. ***Id.*** § 20.02(a) (West 2019). Unlawful restraint is a lesser-included offense of aggravated kidnapping. ***Id.*** (citing ***Schweinle v. State***, 915 S.W.2d 17, 19 (Tex. Crim. App. 1996)). Accordingly, Appellant has satisfied the first prong of the ***Royster*** test. The question remaining is whether a reasonable jury, looking at all the evidence, could have found the evidence established Appellant's guilt of only unlawful restraint, to the exclusion of the aggravated kidnapping charge, as required under the second prong of the ***Royster*** test.

Both restraint and abduction require the restriction of the victim's movements. *See* ***Anderson***, 125 S.W.3d at 730. The statutory distinction between "abduct" and "restrain" in this case is to be that the former requires the additional proof that the defendant intended to secret or hold the victim in a place where she is not likely to be found. *See **id.***

In applying ***Royster's*** second prong, "the trial court should make a determination as to whether the evidence of the lesser offense would be sufficient for a jury rationally to find that the defendant is guilty only of that offense and not the greater offense." ***Anderson***, 125 S.W.3d at 731. "In determining whether the trial court erred in failing to give a charge on a lesser-included offense, all of the evidence must be considered." ***Id.*** "A jury, as trier of fact, is entitled to believe all or part of the conflicting testimony proffered and introduced by either side." ***Id.*** "Furthermore, a jury can selectively believe all or part of the evidence admitted at trial." ***Id.*** However, it is not enough that the jury may disbelieve crucial evidence pertaining to the greater offense; there must be some evidence directly germane to a lesser-included offense for the fact finder to consider before an instruction on a lesser included offense is warranted. ***Id.***

**Discussion**

In the instant case, we must consider if there is evidence in the record that if Appellant is guilty, he only is guilty of unlawful restraint. Thus, there must be evidence of record that would allow the jury to conclude that Appellant never intended to prevent Marvels's liberation by secretion. *See, e.g.*, ***Kenny***, 292 S.W.3d at 95. This can be inferred from an accused's conduct, remarks, and the surrounding circumstances. *Cf. **id.***

Appellant argues that the jury could infer his lack of specific intent because there is no evidence that he forced Marvels to rent the hotel room, forced her to open the door, or forced her to let him inside the room. However, as noted previously, the fact that a victim initially accompanies a defendant voluntarily into a hotel room does not preclude the possibility that kidnapping subsequently occurred inside the room. *See Anderson*, 1997 WL 33642798, at *3. Appellant's argument further does not consider that the jury reasonably could have determined that he formed the requisite intent after he was in the room with Marvels. *See Wells*, 2018 WL 988412, at *1. Appellant has not cited, nor has our review of the record revealed, any evidence that supports the finding that Appellant intentionally restrained Marvels but did not do so with the intent to isolate her in the hotel room from anyone who might be of assistance to her. *See* TEX. PENAL CODE ANN. 20.02(a); *see also Megas*, 68 S.W.3d at 240. Thus, we conclude that since there was no evidence that would allow the jury rationally to find that Appellant, if guilty, only was guilty of unlawful restraint, he was not entitled to an instruction on this lesser-included offense. Accordingly, we hold that the trial court did not abuse its discretion in sua sponte declining to submit an instruction in its charge for the lesser-included offense of unlawful restraint. Appellant's second issue is overruled.

### COURT COSTS

In his third issue, Appellant argues that the $251.50 in court costs should be deleted from the judgment of conviction for continuous violence against the family because that case and his aggravated kidnapping case were tried together. The State agrees.

**Standard of Review and Applicable Law**

We review the assessment of court costs on appeal to determine if there is a basis for the cost, not to determine if there was sufficient evidence offered at trial to prove each cost, and traditional *Jackson v. Virginia* evidentiary-sufficiency principles do not apply. *Johnson v. State*, 423 S.W.3d 385, 389–90 (Tex. Crim. App. 2014). Appellant need not have objected at trial to raise a claim challenging the bases of assessed costs on appeal. *Johnson*, 423 S.W.3d at 391. Court costs may not be assessed against a criminal defendant for which a cost is not expressly provided by law. *See* TEX. CODE CRIM. PROC. ANN. art. 103.002 (West 2018). When a trial court improperly includes amounts in assessed court costs, the proper appellate remedy is to

reform the judgment to delete the improper fees. *Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013).

"In a single criminal action in which a defendant is convicted of two or more offenses or of multiple counts of the same offense, the court may assess each court cost or fee only once against the defendant." TEX. CODE CRIM. PROC. ANN. art. 102.073(a) (West 2018). For purposes of this rule, a person convicted of two or more offenses in the same trial or plea proceeding is convicted of those offenses in a "single criminal action." *Hurlburt v. State*, 506 S.W.3d 199, 201–04 (Tex. App.–Waco 2016, no pet.). Generally, the cost should be assessed in the case with the highest category offense or, when the convictions are for the same category of offense and the costs are the same, the costs should be assessed in the case with the lowest trial court cause number. *See Shuler v. State*, No. 05-20-00386-CR, 2022 WL 99997, at *5 (Tex. App.–Dallas Jan. 11, 2022, no pet.) (op., not designated for publication).

**Discussion**

Here, appellant was charged by separate indictments with aggravated kidnapping (cause number 114-1208-19) and continuous violence against the family (cause number 114-1209-19). The cases were prosecuted together in a single jury trial. Aggravated kidnapping is a higher category of offense than continuous violence against the family. *Compare* TEX. PENAL CODE ANN. § 20.04(c) *with* TEX. PENAL CODE ANN. § 25.11(e) (West Supp. 2021). The costs assessed in the bill of costs in cause number 114-1208-19 is $251.50. The costs assessed in the bill of costs in cause number 114-1209-19 also is $251.50. Both judgments likewise provide for the assessment of court costs in the same amounts. Additionally, the judgments each contain a document entitled "Attachment A - Order to Withdraw Funds," which provides for the withdrawal of funds from Appellant's inmate trust account of court costs, fees and/or fines incurred in the amount of $251.50.

We agree with the parties that court costs should not have been assessed against Appellant in cause number 114-1209-19. Therefore, we will modify the judgment, Attachment A, and bill of costs in cause number 114-1209-19 to remove the assessment of court costs. *See Cates*, 402 S.W.3d at 252; *see also Foley v. State*, No. 12-20-00017-CR, 2021 WL 4898457, at *6 (Tex. App.–Tyler Oct. 20, 2021, pet. ref'd) (mem. op., not designated for publication) (modifying bill of costs by deleting improperly assessed fee). Appellant's third issue is sustained.

## DISPOSITION

We have sustained Appellant's third issue.  Having done so, we *modify* the judgment, Attachment A, and bill of costs in cause number 114-1209-19 to reflect that the total amount of court costs assessed is $0.00.  Having overruled Appellant's first and second issues, we *affirm* the trial court's judgment in that cause *as modified* and affirm the trial court's judgment in cause number 114-1208-19 in its entirety.

GREG NEELEY
Justice

Opinion delivered August 17, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 17, 2022**

**NO. 12-21-00215-CR**

**PATRICK DELANE JOHNSON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court
of Smith County, Texas (Tr.Ct.No. 114-1208-19)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 17, 2022**

**NO. 12-21-00216-CR**

**PATRICK DELANE JOHNSON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-1209-19)

---

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, it is the opinion of this court that the judgment of the court below should be modified and as modified, affirmed.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment to Attachment A, and bill of costs in cause number 114-1209-19 of the court below be **modified** to reflect that the total amount of court costs assessed is $0.00; in all other respects the judgment of the trial court is **affirmed**; and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*